JOHN BROSNAN
P.O. Box 21281
EL SOBRANTE, CA 94820
510.350.6542
johnbrosnanlegal@gmail.com
Pro Se

RECEIVED
MAY 7 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN BROSNAN,

    Plaintiff,

Vs.

CONSOLIDATED WORLD TRAVEL INC dba HOLIDAY CRUISE LINE, DONNA HIGGINS, AND DOES 1-99,

    Defendants.

Case No. CV 15 80 131 MISC

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECT ACT, 47 U.S.C. § 227 ET SEQ.

JURY TRIAL DEMANDED

## INTRODUCTION

1. Plaintiff, John Brosnan ("Brosnan") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the actions of CONSOLIDATED WORLD TRAVEL INC. dba HOLIDAY CRUISE LINE et al., in negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

1

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology — for example, computerized calls dispatched to private homes — prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

//
//
//
//

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

6. Furthermore, Brosnan will be seeking a Permanent Injunction prohibiting all Defendants from being involved in the direct or indirect making of robocalls and the direct or indirect use of robodialers.

**JURISDICTION AND VENUE**

7. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012).

8. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Contra Costa, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

//
//
//
//

## PARTIES

9. Plaintiff John Brosnan ("Brosnan") was at all times relevant to this complaint a California resident. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 277(a)(2)(A).

10. Defendant, Consolidated World Travel, Inc. ("CWT") is a national cruise sales company and is a "person" as defined by 47 U.S.C. § 227(a)(2)(A). CWT's State of Information and principal place of business are in the State of Florida. CWT is a corporation incorporated in the state of Florida and has an address of 2121 W. Oakland Park Blvd. Suite 1 Fort Lauderdale, Florida 33311. Plaintiff further believes that CWT has employed a Registered Agent ("RA") for service of process, said RA is Greenspoon Marder, P.A. with an address of 200 E. Broward Blvd., Suite 1800, Fort Lauderdale, Florida 33301, phone number 888.491.1120.

11. Defendant CWT is doing business as Holiday Cruise Line ("HCL").

12. Defendant Donna Higgins ("Higgins"), is, and at all times mentioned herein is, a "person" as defined by 47 U.S.C. § 277(a)(2)(A) and the President of CWT.

13. The true names and capacities of Defendants named herein as Does 1 through 99, inclusive, whether individual, corporate, associate or otherwise are unknown to Plaintiff, who therefore sues said Defendants by fictitious names. Plaintiff will amend this Complaint to show such true names and capacities of Does 1 through 99, inclusive, when they have been determined.

## FACTUAL ALLEGATIONS

14. The United States Federal Trade Commission defines a robocall as a prerecorded sales pitch phone call made to a

consumer without first obtaining authorization from the consumer to play the prerecorded sales pitch ("Robocall").

15. A Robodialer is a machine that makes Robocalls.

16. Robocalls are a violation of 47 C.F.R. 64.1200.

17. Defendants are aware of 47 C.F.R. 64.1200.

18. Defendants, at all times relevant herein, conducted business in the State of California, County of Contra Costa, and with this judicial district.

19. At no time did Brosnan enter into a business relationship with Defendants.

20. Companies have employed advance technologies that make it easier to market their products and services. According to a recent report examining class actions under the TCPA in the Northern District of Illinois:

> ***Autodialers (also known as robocalls) automatically deliver a prerecorded message to a list of telephone numbers, and thus remove the need for human representatives.*** These predictive dialers were developed to find better pacing (scheduling of dialing attempts) by collecting and analyzing data on the proportion of call attempts that are answered, durations of time from call initiation to answer, and durations of service. The technology was designed to minimize both the time that telemarketers must spend waiting between conversations and amount of abandoned calls experienced by consumers.
>
> The foregoing taken from: Institute for Consumer Antitrust Studies, Loyola University Chicago School of Law, THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: ADAPTING CONSUMER PROTECTION TO CHANGING TECHNOLOGY 7 (Fall 2013) (emphasis added). The report "was made possible through a cy pres distribution from a class action involving the TCPA in the Northern District of Illinois under the supervision of Senior Judge William Hart and Magistrate Judge Morton Denlow." Id. at 2.

21. As of October 16, 2013, the TCPA requires prior express written consent in order to make a robocall, as more fully explained in Matter of Rules and Regulations Implementing the

Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order (FCC Feb. 15, 2012) (amending 47 C.F.R. 64.1200(a)(2)).

**22.** Brosnan did not provide prior written consent to Defendants to allow Robocalls.

**23.** HCL offers cruise packages and operates a cruise ship known as the Grand Celebration. In an effort to market its products and services, HCL sent (or directed to be made on its behalf) Robocalls to Plaintiff without prior express written consent in violation of the TCPA, 47 U.S.C. § 227, et seq.

**24.** Caller Identification, or "Caller ID," allows a telephone user to identify a caller before answering their telephone. A caller's number and/or name are displayed on the telephone user's phone. Caller ID service, however, is susceptible to fraud. Using a practice known as "caller ID spoofing," callers can deliberately falsify the telephone number and/or name relayed as the Caller ID information to disguise the identity of the calling party ("Spoofing"), calls made using Spoofing techniques are known as Spoofed Calls.

**25.** The Telephone Consumer Protection Act of 1991 (TCPA) (codified at 47 U.S.C. § 227) was amended by the Truth in Caller ID Act of 2009 (TCIA) (codified entirely within 47 U.S.C. § 227(e)). TCIA provides:

> It shall be unlawful for any person within the United States, in connection with any telecommunications service or [Internet protocol]-enabled voice service, to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value . . .

**26.** 47 U.S.C. § 227(e)(1) (emphasis added). TCIA violators are subject to civil and criminal liability. 47 U.S.C. § 227(e)(5). Jointly, TCIA and TCPA provide a private right of

action, grant enforcement powers in both federal and state governments, grant intervenor rights to the Federal Communications Commission (FCC), and vest district courts with exclusive jurisdiction over claims under 47 U.S.C. § 227(e)(1). 47 U.S.C. § 227(e)(6), (g)(1)-(3).

27. Beginning in or about December 2014, Brosnan began receiving Robocalls and Spoofed Calls from Defendants, wherein Defendants attempted to get Brosnan to purchase services related to cruise ship travel.

28. Upon answering the call and saying "hello" twice, a prerecorded message and/or artificial voice identified the speaker as "Jennifer" from "Holiday Cruise Line."

29. Jennifer's responses were automated and developed using interactive voice or voice automation technology.

30. "Jennifer" stated that the call was regarding the promotion of a cruise with Holiday Cruise Line.

31. On information and belief, the cruise referred to in the call was aboard a cruise ship called "The Grand Celebration."

32. The website for "Holiday Cruise Line" is www.holidaycl.com (the "Website").

33. HCL is the registrant of the Website.

34. On the Website, HCL asks called persons to: "Enjoy Cruising With Us On The Grand Celebration."

35. Brosnan telephonically contacted Defendants in an attempt to stop the calls from Defendant. Each time Brosnan telephonically contacted Defendant Brosnan was put on hold without a live person answering the call.

36. Defendants continue to make phone calls Brosnan.

37. On information and belief, defendant's made these calls to Brosnan using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

38. Defendants used an "automatic telephone dialing system"

("ATDS"), as defined by 47 U.S.C. § 227(a)(1) to make Robocalls to Brosnan as prohibited by 47 U.S.C. § 227(b)(1)(A). Said calls are also known as a Robocalls.

39. The ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

40. Defendant's telephone communications to Brosnan constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4).

41. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

42. Brosnan has never been in an "established business relationship" with Defendant as defined by 47 U.S.C. 227(a)(2), nor has Plaintiff ever sought Defendant's services at any point in the past.

43. Defendants lacked "prior express consent" to contact Plaintiff on Plaintiff's cellular telephone as described herein.

44. To date, Brosnan has received numerous Robocalls and Spoofed Calls.

45. The Robocalls by defendants, or its agent, violated 47 U.S.C. § 227(b)(1).

46. The Robocalls provided no information as to the caller or anyway to end the Robocalls.

47. Brosnan, wanting the Robocalls to end, responded to a Robocall to find out who exactly was making the Robocalls and was able to discover Defendants caused the Robocalls.

48. Defendants caused Robodialers to make Robocalls to Brosnan.

49. Defendants are aware that Robocalls are illegal.

50. Defendants intentionally caused Robocalls to Brosnan.

51. Defendants are aware that using Robodialers to make Robocalls is illegal.

52. Defendants are aware that making Robocalls to Brosnan

is illegal.

    53. Defendants used Robocalls to solicit money from Brosnan.

    54. Solicitation via Robocall is illegal.

    55. Defendants are aware that solicitation via Robocall is illegal.

    56. Defendants are aware that Spoofing is illegal.

    57. Defendants engaged in spoofing to contact Brosnan.

    58. Brosnan has been harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally contacted Brosnan via his cellular telephone by using an ATDS, thereby causing Brosnan to incur certain cellular telephone charges or reduce cellular telephone time for which Brosnan has paid for, and invading the privacy of Brosnan, Brosnan was damaged thereby.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

    59. Brosnan refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

    60. The foregoing acts and omissions of Defendants constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

    61. As a result of Defendants negligent violations of 47 U.S.C. § 227 et seq., Brosnan is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

    62. As a direct result of Defendants conduct, Brosnan has sustained additional economic damages in an amount to be

1 determined at trial.
2  63. Plaintiff furthermore seeks his attorney fees and costs
3 against the Defendants.

## SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFULL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

64. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

65. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

66. As a result of Defendants knowing and/or willful violations of 47 U.S.C. § 227 et seq., Brosnan is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

67. Brosnan is also entitled to and seek injunctive relief prohibiting such conduct in the future.

68. As a direct result of Defendants conduct, Brosnan has sustained additional economic damages in an amount to be determined at trial.

69. Plaintiff furthermore seeks his attorney fees and costs against the Defendants.

//
//
//
//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against the Defendants and each of them as follows:

1. For actual monetary damages according to proof;
2. For a Permanent Injunction prohibiting all Defendants from 1) using Robocalls either directly or indirectly, 2) from using Robodialers either directly or indirectly, 3) from Spoofing and 4) prohibiting Defendants from contacting Brosnan;
3. For exemplary and/or punitive damages, joint and several against all Defendants in the amount of $1,000,000.00;
4. For general damages according to proof;
5. For special damages according to proof;
6. For an award of reasonable attorneys' fees and costs according to proof;
7. For costs of suit; and
8. For such other and further relief as this Court deems just and proper.

DATED: April 3, 2015

_____
John Brosnan - Pro Per

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in the above-entitled matter.

DATED: April 3, 2015

_____
John Brosnan - Pro Per